Harold Baer, J.
This is a motion to set aside the verdict of a jury entered on July 23, 1971. In addition to the motion brought on by counsel, the defendant has written several letters requesting the same relief. All of the letters are considered as part of this motion.
There are three counts in this indictment. The first two counts are in relation to the deceased victim. The first count charges murder while in the commission of a felony (burglary); the second count charges common-law murder; the third count is for assault on the other victim of the crimes charged.
The jury convicted the defendant of murder on the first count; manslaughter in the second degree on the second count; and assault in the first degree on the third count. This was a conscientious, intelligent jury and the verdict was proper under the court’s charge. There were no exceptions to the charge nor were there any requests to charge.
The motion to set aside the entire verdict and for a new trial is denied. There was ample evidence for the jury to find the defendant guilty beyond a reasonable doubt of manslaughter in the second degree and assault in the first degree under the second and third counts of the indictment. However, the motion with respect to the first count charging felony murder will be considered. That count was predicated upon the commission of a homicide during the course of a burglary.
Burglary is defined in the Penal Law as entering and remaining in a building unlawfully; knowingly so entering and remaining without privilege or license to do so, and with intent to commit a crime therein (Penal Law, § 140.20). The evidence is to the contrary. Mattie Zigler testified that the defendant was asked to come down to the victim’s apartment. Furthermore, one of the victims, Fennell, testified that he opened the door after the defendant knocked. Nowhere in the record is *595 there credible evidence to sustain an intent to commit a burglary. The People have failed to prove the burglary beyond a reasonable doubt. Certainly, the felony that eliminates the intent necessary for homicide must be one that is independent of the homicide and of the assault merged therein (People v. Hüter, 184 N. Y. 237; People v. Wagner, 245 N. Y. 143; People v. Moran, 246 N. Y. 100,102).
The jury found the defendant guilty of manslaughter in the second degree. They agreed unanimously that there was no intent to murder but death was caused by reckless conduct of the defendant. There is no justification for the first count of this indictment. There is no evidence to sustain it. This court did not dismiss the first count of the indictment at the end of the People’s case because of the insistence of the People that the burglary had been proved beyond a reasonable doubt. After reviewing the record, this court disagrees. It does not serve the ends of justice to stretch the legislative intent in regard to felony murder. Chief Judge Cardozo said in People v. Moran (246 N. Y. 100, 105, supra), “ Evidence uncertain in its implications must not be warped or strained to force a jury into the dilemma of choosing between death and freedom ’ ’. This defendant never intended to burglarize. Perhaps assault was intended, but assault is not one of the included requirements from which felony murder may evolve (Penal Law, § 125.25, subd. 3). In the interest of justice, the first count of the indictment is dismissed. That part of the motion to set aside the verdict as to the first count of the indictment and to dismiss that count is granted.