■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RONALD MILLER, Appellant.— Order, Supreme Court, New York County, entered on November 8, 1971, setting aside a murder conviction, affirmed. We agree with the learned Trial Justice that a conviction of felony murder, under the particular facts and circumstances of this case, should not be permitted to stand. Assault is not one of the specified felonies forming a basis for felony murder (Penal Law, § 125.25, subd. 3); and the evidence adduced on the trial should "not be warped or strained" to find another independent felony in order to sustain this conviction. (Cf. *People* v. *Moran*, 246 N. Y. 100, 105.) Such was not the intention of the legislature. As noted in the Practice Commentary to the above-cited Penal Law section (McKinney's Cons. Laws of N. Y., Book 39, § 125.25, p. 236), the purpose of enumerating the underlying felonies upon which felony murder may be based "is to exclude * * * cases of accidental or not reasonably foreseeable fatality occurring in an unlikely manner in the course of a non-violent felony". Concur — Stevens, P. J., McGivern, Kupferman and Murphy, JJ.; McNally, J., dissents in the following memorandum: I dissent and vote to reverse and reinstate the verdict of guilty on the first count. Defendant was indicted on three counts: (1) murder as a felony murder; (2) common-law murder; and (3) attempted murder. The evidence enabled the jury to find that defendant on the morning of October 25, 1970 knocked on the door of an apartment shared by Robert Fennell and Rasul Aleem. Fennell opened the door and saw the defendant holding a spray can in his left hand and a butcher knife in his right. While standing at the door defendant sprayed Fennell's face with a "choking gas" and stabbed his right arm. Defendant followed Fennell into the apartment continuing to spray and stab Fennell. Aleem came to the assistance of Fennell. Thereupon the defendant stabbed and killed Aleem. The jury found defendant guilty of felony murder and manslaughter in the second degree as to Aleem, and assault in the first degree as to Fennell. After the verdict the court set aside the conviction of felony murder. The People appeal from the dismissal of the first count grounded on the felony murder. In my opinion, the trial court erred in holding the evidence failed to establish burglary. "A person is guilty of burglary in the third degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein." (Penal Law, § 140.20.) "A person is guilty of burglary in the second degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein, and when: 1. In effecting entry or while in the building or in immediate flight therefrom, he or another participant in the crime: (a) Is armed with explosives or a deadly weapon; or (b) Causes physical injury to any person who is not a participant in the crime; or (c) Uses or threatens the immediate use of a dangerous instrument; or 2. The building is a dwelling and the entering or remaining occurs at night." (Penal Law, § 140.25.) The evidence of the People, credited by the jury, establishes defendant's entry in the apartment was unlawful within the meaning of the Penal Law. The trial court predicated the dismissal on the alleged failure to establish a burglary. The trial court may not set aside a verdict, except as a matter of law, and, therefore, may not decide an issue of fact inconsistent with the verdict. (CPL 330.30.) Subdivision 3 of section 125.25 of the Penal Law defines a felony murder where one "commits or attempts to commit * * * burglary * * * and, in the course of * * * such crime * * *

causes the death of a person other than one of the participants". (*People* v. *Schermerhorn*, 203 N. Y. 57.) Implicit in the verdict is the fact defendant killed Aleem in the course of the commission of the crime of burglary. Accordingly, the verdict on the first count should be reinstated. Defendant contends the assault merged in the homicide. However, this is not so as to the burglary. Moreover, in the past, where assault was the predicate for a felony murder, our courts consistently held that the intent to assault the initial victim does not merge in the homicide of a third person. (*People* v. *Wagner*, 245 N. Y. 143; *People* v. *Luscomb*, 292 N. Y. 390.) [70 Misc 2d 594.]