## (February 13, 1975)

■ In the Matter of ARAMIS FERNANDEZ, Petitioner, v. JAMES LEFF et al., Respondents.— Application pursuant to article 78 of the Civil Practice Law and Rules for an order directing dismissal of a certain indictment and for other relief unanimously denied, and the petition dismissed, without costs and without disbursements. No opinion. Concur — Markewich, J. P., Murphy, Tilzer, Capozzoli and Lynch, JJ.

## (February 18, 1975)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RONALD MILLER, Appellant.— Judgments, Supreme Court, New York County, rendered on November 8, 1971, and May 15, 1973, unanimously affirmed. Concur — Markewich, J. P., Capozzoli, Lane and Nunez, JJ.; Murphy, J., affirms on constraint of People v. Miller (32 N Y 2d 157). No opinion. [70 Misc 2d 594.]

## (February 20, 1975)

■ ANONYMOUS, Respondent-Appellant, v. ANONYMOUS, Appellant-Respondent.— Order, Supreme Court, New York County, entered on May 28, 1974, confirming the report of a Special Referee except to the extent that it modified same with respect to the amount awarded to plaintiff for expenditures made by her on behalf of the parties' son, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of awarding plaintiff annual support in the amount of $15,000 and a counsel fee of $2,500 for services rendered, including those provided on this appeal and, as so modified, affirmed, without costs and without disbursements. To allow the order below to stand, insofar as it directed a yearly accounting with respect to the defendant's income and afforded the plaintiff the right to inspect the defendant's books and records, would lead to continuous problems and possible additional litigation. Where possible, support awards should be made in fixed dollar amounts, based upon the circumstances of the case and of the respective parties. There is no reason to do otherwise in this matter and we find that the record, as well as the Referee's recommendations, support the amount indicated above. The counsel fee of $600 awarded below is grossly inadequate. Plaintiff was compelled by defendant's actions to seek enforcement of the separation judgment and to defend against defendant's application for reduction thereof, both in the court below and in this court. The legal services rendered on plaintiff's behalf justify the fee of $2,500 indicated above. Concur — Stevens, J. P., Markewich, Murphy, Capozzoli and Nunez, JJ.